# KANSAS CITY SOUTHERN RY. CO. et al. v. SOUTHERN TRUST CO. et al.

## SOUTHERN TRUST CO. v. MISSISSIPPI VALLEY TRUST CO. et al.

(Circuit Court of Appeals, Eighth Circuit. March 8, 1922. Rehearing Denied June 9, 1922.)

### Nos. 5756, 5757.

1. **Appeal and error ⊜⟶1208(1)—Appellant, whose property is sold pending appeal, entitled to restitution on reversal.**

    On reversal of a decree under which a sale has been made, the party whose property has been wrongfully sold under the decree pending the appeal is entitled to restitution in conformity with the mandate of the appellate court.

2. **Appeal and error ⊜⟶1208(5)—Restitution to appellant on reversal for property wrongfully sold pending appeal.**

    Where, in a suit for foreclosure of railroad mortgages, one mortgagee was adjudged to have the prior lien on all the property, which decision was reversed on appeal, and appellant held to have the first lien on a part of the road, but pending the appeal the property had been sold as an entirety and the road junked as permitted by the decree of confirmation which was not objected to nor appealed from, so that the property on which appellant had the first lien could not be returned, the only way of restitution was by apportioning the purchase money according to the interests of the parties.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suits in equity to foreclose by the Southern Trust Company, trustee, and others, and by the Mississippi Valley Trust Company against the Arkansas, Oklahoma & Western Railroad Company and others, in which the Kansas City Southern Railway Company intervened. From the decree of distribution, the various parties appeal. Reversed.

A. F. Smith, of Kansas City, Mo., James B. McDonough, of Ft. Smith, Ark., and William S. Gordon, of New York City (J. V. Walker, of Fayetteville, Ark., G. H. Muckley, of Kansas City, Mo., Samuel W. Moore, of New York City, and Frank H. Moore, of Kansas City, Mo., on the brief), for Kansas City Southern Ry. Co. and Mississippi Valley Trust Co.

D. H. Cantrell, of Little Rock, Ark. (W. E. Hemingway, G. B. Rose, and J. F. Loughborough, all of Little Rock, Ark., on the brief), for Southern Trust Co.

Before LEWIS, Circuit Judge, and TRIEBER and POLLOCK, District Judges.

TRIEBER, District Judge. This is the second appeal in this case. The opinion of this court on the former appeal will be found in 261 Fed. 765, where the facts relating to the foreclosure proceedings and the decree entered therein are fully set out and need not be repeated herein. That appeal was prosecuted without a supersedeas, and pending the appeal the entire property was sold in conformity with the de-

cree as an entirety, and purchased by the bondholders' protective committee of the mortgage to the Southern Trust Company. For convenience the parties will be referred to as appellants and appellees as they appear in No. 5756.

The purchase price was $275,000, and the sale confirmed by the court. The decree provided that the purchaser at said sale may turn in the receiver's certificates and the bonds and coupons secured by the mortgage of the Arkansas, Oklahoma & Western Company to the Southern Trust Company, in payment of his bid to the extent that the distributive shares of the purchase money will be applicable to such receiver's certificates or bonds or coupons, after payment of the prior debts and costs of suit.

The main controversy was as to the priority of the mortgage of the Arkansas, Oklahoma & Western Railroad Company to the Southern Trust Company and that to the Mississippi Valley Trust Company; the latter mortgage executed by the Kansas City & Memphis Railway Company, and covering the property purchased and constructed by the Kansas City & Memphis Railway Company, after its purchase from the Oklahoma Company, and also that part purchased from the Oklahoma Company, the latter subject to the Southern Trust Company mortgage.

The decree of the District Court had declared the mortgage by the Arkansas, Oklahoma & Western Railroad Company, hereafter referred to as the Oklahoma Company, to be superior to the mortgage of the Mississippi Valley Trust Company on the entire system. This court reversed that decree, holding that the mortgage of the Mississippi Valley Trust Company was a first mortgage on the new lines purchased and constructed by the Memphis Company, after the purchase from the Oklahoma Company, and not subordinate to the mortgage of the Southern Trust Company.

After the reversal of the original decree by this court, the Kansas City Southern Railway Company filed its intervening petition, asserting its rights under the receiver's certificates owned by it, and praying restitution of the property upon which its receiver's certificates were a paramount lien. The Mississippi Valley Trust Company also filed a motion for restitution, and asking that certain allowances made by the court to the Southern Trust Company as trustee, and its attorneys in the foreclosure proceedings, amounting to $13,000 and the allowance of $1,000 to the master, who made the sale, be set aside, so far as its rights are affected, and also the costs of the sale, and that they be charged against the property purchased from the Oklahoma road and under mortgage to the Southern Trust Company. It also asked that the proceeds of sale of a certain locomotive be decreed to be the property of the part of the railway on which the Mississippi Valley Trust Company was decreed to have a superior lien; that there be restitution to the Mississippi Valley Trust Company of the value of all property sold, on which its mortgage is a prior lien and also the value of the locomotive hereinbefore mentioned; and that the purchasers of the

property be required to pay into court the value of the same, when determined.

The response of the Southern Trust Company was that, as no appeal was taken from that part of the original decree directing a sale of the property in its entirety or as one parcel, that part of the decree became final. The same plea is made to the objections of the allowances made by the court to the Southern Trust Company as trustee and its attorneys, and the costs. It denied that the Southern Trust Company is liable for the purchase money of the locomotive, as it received no part of it, it having been applied in paying the taxes of the entire line of the Memphis Company; that the original decree directing a sale, having been a final decree, the only liability of the purchasers is for the proportion of the purchase price, to which the Mississippi Valley Trust Company is entitled.

There was considerable testimony taken as to the value of the property, of which restitution was asked and a final decree rendered, holding that the sale having been confirmed, and no appeal therefrom taken from these parts of the decree, the only question now for determination is the distribution of the $275,000, the proceeds of the sale, in accordance with the rights of the parties.

The court found that the fair value of the property, upon which the Southern Trust Company had a prior lien is two-thirds, and the appellants the other one-third; that the deed of trust of the Mississippi Valley Trust Company is subject and inferior to the lien of the receiver's certificates; that the original decree is also final as to the allowances of the various items therein mentioned and the establishment of their order of priority, except so much of the decree as adjudged that the lien of the deed of trust held by the Southern Trust Company, extended to the entire property; that all indebtedness, costs, and expenses which are properly chargeable as against the whole property should be apportioned in the proportion of one-third against the funds going to the Kansas City & Memphis Railway Company, and subject to the lien of the receiver's certificates and the deed of trust held by the Mississippi Valley Trust Company, and two-thirds against the funds going to the Oklahoma Railroad Company, and subject to the lien of its deed of trust to the Southern Trust Company; that all taxes against the property as an entirety should be charged on the same basis; that all franchise taxes paid to the state of Arkansas, shall be charged to the Memphis Railway Company and subject to the lien of said receiver's certificates, and on which the deed of trust to the Mississippi Valley Trust Company is a superior lien; that the allowances made to the Southern Trust Company and its attorneys be charged against funds subject to the lien of the deed of trust of the Southern Trust Company.

The court thereupon credited the Southern Trust Company with two-thirds of the proceeds of sale of the railway as an entirety, less two-thirds of the court costs, receiver's obligations, taxes, except the franchise taxes, and the allowance to it as trustee and its attorneys, leaving due it $86,085.19; that the appellants be paid on receiver's

certificates one-third of the purchase price, less one-third of court costs, receiver's obligations, taxes, and judgments against the receiver, leaving due it $49,542.59, less the following items:

The entire franchise tax.........................................$ 2,705.72
Smithson right of way judgment................................... 519.10
Stone right of way judgment...................................... 397.36
Ferguson right of way........................................... 10,640.10
George judgment ................................................ 4,566.10

—leaving net amount due on receiver's certificates to be paid to the Kansas City Southern Railway Company the sum of $30,714.21.

[1] That upon a reversal of a decree, under which a sale has been made the party whose property had been wrongfully sold under the decree, pending the appeal, is entitled to restitution in conformity with the mandate of the appellate court is beyond question. As held in the late case of Arkadelphia Co. v. St. Louis Southwestern Ry. Co., 249 U. S. 134, 145, 39 Sup. Ct. 237, 242 (63 L. Ed. 517):

"But, in our opinion, this portion of the claims is allowable against the railway companies themselves upon the principle, long established and of general application, that a party against whom an erroneous judgment or decree has been carried into effect is entitled, in the even of a reversal, to be restored by his adversary to that which he has lost thereby. This right, so well founded in equity, has been recognized in the practice of the courts of common law from an early period. Where plaintiff had judgment and execution and defendant afterwards sued out a writ of error, it was regularly a part of a judgment of reversal that the plaintiff in error 'be restored to all things which he hath lost by occasion of the said judgment'; and thereupon, in a plain case, a writ of restitution issued at once; but if a question of fact was in doubt a writ of scire facias was first issued. * * * That a course of action so clearly consistent with the principles of equity is one proper to be adopted in an equitable proceeding goes without saying. It is one of the equitable powers, inherent in every court of justice so long as it retains control of the subject-matter and of the parties, to correct that which has been wrongfully done by virtue of its process. Northwestern Fuel Co. v. Brock, 139 U. S. 216, 219; Johnston v. Bowers, 69 N. J. Law, 544, 547."

[2] On the part of appellants it is claimed that, as the railroad has been junked, there can be no restitution in specie; therefore they are entitled to the original value of the property. This contention is untenable. The sale was made in conformity with the decree; no supersedeas having been obtained, while the appeal was being prosecuted. As it was impossible to operate the road and earn the actual operating expenses, the court authorized that it may be junked, if the purchaser saw proper to do so, which has been done. The junked material, when sold, did not realize, after deducting the expenses connected with the junking and cost of sales, the price paid by the purchasers. No objections were made to the confirmation of the sale, nor an appeal taken therefrom. Farmers' Loan & Trust Co. v. Newman, 127 U. S. 649, 650, 8 Sup. Ct. 1364, 32 L. Ed. 303. There can be no doubt that the court had the power to sell the railroad as an entirety, for frequently its greatest value may be due to the fact that, by a consolidation of a number of short, unprofitable roads, a trunk line may be made, which makes its operation profitable. Muller v. Dows, 94 U. S. 444, 449, 24 L. Ed. 207; Union Trust Co. v. Illinois Midland R. Co., 117 U. S. 434, 466, 6 Sup. Ct. 809, 29 L. Ed. 963; Compton v. Jessup, 68 Fed.

263, 327, 15 C. C. A. 397; Lowe v. Blackford, 87 Fed. 392, 400, 31 C. C. A. 15.

It is true that, had the court not erroneously decided that the deed of trust of the Oklahoma Company extended, to the entire line of the Memphis Company, it would probably have ordered the sales of the old and new lines separately. But no objections were made to this part of the decree, nor was it complained of on the former appeal. Litigants cannot be penalized for the errors of the court. The maxim, "Actus curiæ neminem gravabit," may well apply. Nor is the fact that the decree authorized the purchaser to junk the road, if so desired, conclusive evidence that it would be done. A connecting trunk line may have purchased the road, and made it a part of its line. In that event the road would not have been dismantled.

In view of these facts, we concur with the conclusions of the learned trial judge that the only restitution to be made is by apportioning the purchase money according to the interests of the parties. But we are of the opinion that the court erred in awarding to the Southern Trust Company two-thirds and to appellants only one-third thereof. The evidence on the part of appellees shows that the material was sold; that of the original Oklahoma road, which was subject to the Southern Trust Company's prior lien, there was realized $137,830.16 gross, and $118,871.18 net; that of the lines on which appellants had a prior lien the material sold realized for the Fayetteville branch $111,424.34 gross and $99,996.93 net, the Monte Ne branch for $18,276.98 gross and $14,337.01 net, the Ozark branch for $8,004.32 gross and $6,034.33 net, or for the entire material from these parts of the road $120,368.27 net, or $1,497.09 more than was realized from the sale of the material of the part on which the Southern Trust Company had a prior lien.

A proper division should be that each is entitled to one-half of the proceeds of the sale, and should be charged with one-half of the allowances and the sums for which it is wholly liable. The entire franchise tax was charged to appellants. We are unable to understand why this should be done, nor was the learned counsel, when asked by the court during the oral argument, able to give any reason for it. In our opinion, the franchise tax being assessed for the entire road, it should be apportioned accordingly. This also applies to the George judgment. The fact that the injury, for which this judgment was recovered, occurred on the Fayetteville branch, is no reason for charging appellants with the entire amount. The accident happened while the road was operated as an entirety, and as such was its liability. The judgments for the rights of way were exclusively for new lines and the extensions, and therefore were properly chargeable to appellants. The other charges were proper and are approved.

Stating the account in conformity with these views, we hold that the Southern Trust Company—

| | | |
|---|---|---|
| Should be credited with one-half of the purchase money | | $137,500.00 |
| And charged one-half of costs, etc. | $63,186.11 | |
| Fees of the trustee and its attorneys | 13,000.00 | |
| One-half of George judgment | 2,283.05 | |
| One-half of franchise tax | 1,352.86 | 79,822.02 |
| Net balance due it | | $ 57,677.98 |

The Kansas City Southern Railway Company—

| | | |
|---|---|---|
| Should be credited with one-half the purchase money | | $137,500.00 |
| And charged one-half costs, etc. | $63,186.11 | |
| Ferguson right of way | 10,640.10 | |
| Smithson right of way | 519.10 | |
| Stone right of way | 397.36 | |
| One-half of George judgment | 2,283.05 | |
| One-half franchise tax | 1,352.86 | 78,378.58 |
| Net balance due it. | | $ 59,121.42 |

The cause is reversed, with directions to enter a decree in conformity with this opinion; the Southern Trust Company to pay the cost of these appeals.